On Return To Remand

PATTERSON, Judge.
The cause presented by Steven Frye McAfee’s conviction for driving under the influence was remanded to the circuit court to allow McAfee an opportunity to file an affidavit of substantial hardship and for the trial court to thereafter redetermine McAf-ee’s indigence, 652 So .2d 329. A determination of indigence would have given McAfee the right to be represented on appeal by appointed counsel. On remand, McAfee failed to submit an affidavit of substantial hardship, and the trial court has duly notified this court of his inaction. We have therefore considered and we will address each issue raised in McAfee’s pro se appellate brief.
McAfee argues that the trial court erred in allowing McAfee’s trial counsel attorney to strike the jury in McAfee’s absence. Having reviewed the record, we hold that this argument was not preserved for appellate review. McAfee also argues that evidence concerning the Intoxilyzer 5000 blood alcohol test was improperly admitted into evidence. This argument is without merit. Finally, McAfee contends the trial court erred in denying his pretrial motion to dismiss the case for want of probable cause. This argument is also without merit. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All Judges concur.